**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 30, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

03-20368

RADIATOR SPECIALTY COMPANY,

Plaintiff-Appellant,

VERSUS

PENNZOIL-QUAKER STATE COMPANY, formerly known as Pennzoil
Products Company; PANDORA MANUFACATURING INC., formerly known as
Snap Products Inc.

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas
(01-CV-2205)

Before DUHÉ, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[1]

Plaintiff Radiator Speciality Co. sued makers of "Fix-a-Flat" under the Lanham Act, alleging that false advertising of Defendants' product as non-explosive and safe injured Plaintiff in marketing its own "Puncture Seal" tire inflator, which was allegedly truly safe but more expensive. The only issues on appeal concern the district court's holding on summary judgment that Radiator's claim of false advertisement is barred by the equitable doctrine of laches. The court found the facts undisputed that

---

[1] Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

seven years elapsed between the time Radiator first objected to the use of the "non-explosive formula" label on the "DME" version of Fix-a-Flat and the date Radiator filed this suit. On motions for summary judgment by defendants, Pandora Manufacturing, Inc. and its alleged successor-in-interest, Pennzoil-Quaker State Company, the district court dismissed based on laches. We affirm.

## I.

Laches is an inexcusable delay on the part of the plaintiff that results in prejudice to the defendant. Conan Props., Inc. v. Conan's Pizza, Inc., 752 F.2d 145, 153 (5th Cir. 1985). To the extent that the relevant facts are undisputed, a district court "enjoys considerable discretion in deciding whether to apply the doctrine of laches." National Ass'n of Gov. Employees v. City Pub. Serv. Bd., 40 F.3d 698, 707 (5th Cir. 1994). When a district court is making an equity determination such as laches, the scope of its powers "is broad, for breadth and flexibility are inherent in equitable remedies." Swann v. Charlotte-Mecklenburg Bd. of Educ., 402 U.S. 1, 15, 91 S. Ct. 1267, 1276 (1971). Unless the district court resolved disputed issues of material fact against the nonmovant, "its determination of whether the undisputed facts warrant an application of laches is reviewed for abuse of discretion." National Ass'n, 40 F.3d at 707.

## II.

Plaintiff asserts four errors. First, Radiator contends that the district court ignored its evidence of Pandora's and Pennzoil's "unclean hands," which should have precluded them from invoking an

equitable defense. The district court determined that the undisputed facts did not demonstrate any "willful, egregious, or unconscionable conduct or bad faith" on the part of Defendants, as discussed in Hot Wax,[2] so as to constitute unclean hands. We agree with that assessment. Nor do we find any abuse of discretion in the court's requirement, in accordance with Hot Wax, that the inequitable conduct alleged relate to the equitable issue in the case, i.e., the defense of laches. (On the main demand, Radiator is asking for damages, not equitable relief.) We agree that the record demonstrates no genuine issue of material fact on the question of Defendants' "unclean hands" and find no abuse of discretion in the district court's ruling in this regard.

Radiator's second assignment of error is that the district court improperly calculated the length of delay for Pennzoil, which purchased the Fix-A-Flat line in November 1997, by allowing Pennzoil to "tack" onto the delay by Radiator in raising its claim against the preceding owner of Fix-A-Flat. The court considered the rationale behind patent and trademark jurisprudence allowing "tacking." If a sale involves an entire product line along with the goodwill, then "the transferee effectively has assumed the transferor's identity,"[3] and both the defendant and its predecessor

---

[2] Hot Wax, Inc., v. Turtle Wax, Inc., 191 F.3d 813, 826 (7th Cir. 1999).

[3] R2 Medical Systems, Inc. v. Katecho, Inc., 931 F. Supp. 1397, 1412 (N.D. Ill. 1996).

3

have been "lulled into security by plaintiff's failure to sue."[4] Because under the undisputed terms of Pennzoil's acquisition document the goodwill was transferred with the entire product line, the court reasoned that Pennzoil similarly effectively assumed the transferor's identity for purposes of laches.  We discern no abuse of discretion or error of law in the district court's careful analysis.

Radiator's third and fourth assigned errors are that the district court inappropriately resolved factual differences against Radiator on the issues of unjustifiable delay and prejudice.  We conclude from our review of the record, however, that the material facts are not genuinely disputed.  The court did not reject factually any of the reasons Plaintiff offered for the delay.  We hold that its analysis and conclusions about the insufficiency of those reasons are well within its discretion.

The court found material evidence of prejudice to be uncontradicted as well, and we agree.  Although the court noted a conflicting affidavit on the availability of "many of the witnesses," the court found no question of fact regarding the unavailability of documents or economic harm.  The court neither improperly resolved any material fact nor abused its discretion in finding prejudice.

## III.

Laches "is not determined by a simple rule of thumb," but by

---

[4] <u>Celastic Corp. v. McClellan Shoe Specialty Co.</u>, 15 F. Supp. 1048, 1050 (D.C. Del. 1936).

"a close scrutiny of the particular facts and a balancing of the respective interests and equities of the parties, as well as the general public."  5 J. Thomas McCarthy, Trademarks and Unfair Competition, § 31:22 (4th ed. 2003).  The district court provided a thorough opinion, making its determination to apply laches to undisputed facts in precisely that manner.  It did not abuse its discretion in so doing.

AFFIRMED.